**STATE INDUSTRIES, INC., Plaintiff,**

v.

**BECKETT GAS, INC. and Rheem Manufacturing, Inc., Defendants.**

**No. 3:00–0536.**

United States District Court, M.D. Tennessee, Nashville Division.

April 6, 2001.

---

Paul A. Alexis, Boult, Cummings, Conners & Berry, Nashville, TN, Paul R. Puerner, Puerner Law Offices, Milwaukee, WI, for Plaintiff.

William R. Willis, Jr., Willis & Knight, Nashville, TN, for Defendants.

### MEMORANDUM and ORDER

TRAUGER, District Judge.

Pending before the court is a Motion to Dismiss or to Transfer from defendant Beckett Gas, Inc. ("Beckett") (Docket No. 11), to which the plaintiff has responded (Docket No. 15), and Beckett has replied. (Docket No. 20) For the reasons discussed herein, Beckett's motion to dismiss is DENIED, and the motion to transfer is **GRANTED**.

On June 6, 2000, the plaintiff filed a complaint against Beckett in this court alleging claims of patent infringement. (Docket No. 1) On or about August 14, 2000, Beckett and Rheem Manufacturing, Inc. ("Rheem") filed a joint claim against the plaintiff in the Northern District of Ohio, involving legal and factual issues that substantially overlap with those in this case. (Docket No. 15 at 2; Docket No. 12 at 2–3; Docket No. 12, attach.) On August 16, 2000, Beckett filed the instant motion requesting that the court dismiss the complaint because the court lacks personal jurisdiction over Beckett and, thus,

venue is improper. As evidence in support of its motion, Beckett submitted the affidavit of Robert S. Cook, president of Beckett. (Docket No. 25) In the alternative to dismissing the case, Beckett requested that the court transfer this case, pursuant to 28 U.S.C. § 1406(a), to the Northern District of Ohio. The plaintiff responded to the motion to dismiss on September 12, 2000. (Docket No. 15) On the same date, the plaintiff filed an unverified amended complaint, adding claims against Rheem. (Docket No. 14) Beckett then filed a reply to the plaintiff's response and submitted the declaration of Douglas Smith, Vice President of Sales for Rheem, (Docket No. 21), and a supplemental affidavit of Robert Cook. (Docket No. 22)

In patent infringement cases, venue is established pursuant to 28 U.S.C. § 1400(b). See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1575, 1579 (Fed.Cir. 1990). Section 1400(b) provides that a "civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." For a corporate defendant, 'the district where the defendant resides' under § 1400(b) "includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced." VE Holding Corp., 917 F.2d at 1583. Thus, venue is commensurate with personal jurisdiction over a corporate defendant.

The procedural structure for making a pretrial determination of whether the court has personal jurisdiction over a defendant is well-settled in the Sixth Circuit. "Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." Theunissen v.

Matthews, 935 F.2d 1454, 1458 (6th Cir.1991); Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir.1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2nd Cir.1981)); see also Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1271–72 (6th Cir.1998). In all cases, the plaintiff bears the burden of establishing that jurisdiction exists. See Theunissen, 935 F.2d at 1458; Serras, 875 F.2d at 1214. The weight of the plaintiff's burden of proof depends on whether the court holds an evidentiary hearing on the issue of personal jurisdiction or decides the question solely on written submissions from the parties. See Serras, 875 F.2d at 1214.

In this case, the court was not requested to, and did not, hold an evidentiary hearing. As a result, "the court must consider the pleadings and affidavits in a light most favorable to the plaintiff" and the plaintiff must only "make a prima facie showing of jurisdiction." Dean, 134 F.3d at 1272 (quoting CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir.1996)); Serras, 875 F.2d at 1214.

Although the plaintiff's burden of establishing a prima facie case is not onerous, where a motion to dismiss for lack of personal jurisdiction is supported by affidavits, "the non-moving party may not rest upon allegations or denials in his pleadings but his response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." Weller v. Cromwell Oil Co., 504 F.2d 927, 929–30 (6th Cir.1974); see also Theunissen, 935 F.2d at 1458; Serras, 875 F.2d at 1214.

In this case, Beckett's motion to dismiss was supported by the affidavit of Robert Cook, President of Beckett. (Docket No. 11; Docket No. 25, Affidavit of Robert S. Cook) In response, the plaintiff submitted only a memorandum and an unverified amended complaint.[1] The two patents at

---

1. If the amended complaint had been verified, then any allegations made in the complaint that were within the personal knowledge of the verifier would have been considered as an affidavit. See Zainalian v. Memphis Bd. of Educ., 2001 WL 133147, at *2 (6th Cir.) (unpublished) ("As Zai-

nalian neither verified his affidavit nor complaint, signed them under oath, nor signed them under penalty of perjury ..., the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment.") (citing Lavado v. Keohane, 992

issue in the case and several unauthenticated documents were attached to the complaint and incorporated by reference therein. *See* FED. R. CIV. P. 10(c). Thus, the only evidence submitted by the plaintiff in support of personal jurisdiction over Beckett is the pleadings. The Sixth Circuit has clearly held that a plaintiff cannot meet the burden of a prima facie showing of personal jurisdiction without additional evidentiary support.

Even if the court were to consider the evidence presented by the plaintiff on its merits,[2] the plaintiff could, at most, present a factual basis for finding general jurisdiction over Rheem. The unauthenticated documents attached to the amended complaint provide some information about the availability in Tennessee of gas and electric water heaters built by Rheem. (Docket No. 14, attach. Exs. C–F) The documents do not establish that these water heaters contain the accused product, and they do not establish the level of contacts Rheem has in Tennessee or the amount of business Rheem does in Tennessee.

The plaintiff appears to argue that a finding of general jurisdiction over Rheem would be a sufficient basis to find specific jurisdiction over Beckett. In order to determine whether the court may exercise specific personal jurisdiction over the defendant, the court must first determine whether it has jurisdiction under the long-arm statute of the state in which the court sits. *See Dean,* 134 F.3d at 1273; *Serras,* 875 F.2d at 1216. Tennessee's long-arm statute is codified at T.C.A. § 20–2–214(a)(6)(1994).

■ Under section (a)(6), the long-arm statute of Tennessee reaches to the length that is constitutionally permissible. *See* TENN. CODE ANN. § 20–2–214(a)(6) (1994); *Masada Investment Corp. v. Allen,* 697 S.W.2d 332, 334 (Tenn.1985). When a state's long-arm statute reaches as far as limits of federal due process clause, inquiries

of a federal court into whether the due process clause and the state's long-arm statute permit the exercise of jurisdiction over an out-of-state defendant are merged and the court need only determine whether the assertion of personal jurisdiction violates constitutional due process. *Aristech Chemical Int. Ltd. v. Acrylic Fabricators Ltd.,* 138 F.3d 624, 627 (6th Cir.1998).

■ In determining whether the court's exercise of personal jurisdiction over Beckett is within the scope of the due process requirements, the "relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen,* 935 F.2d at 1459 (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Sixth Circuit considers three criteria to determine whether sufficient "minimum contacts" exist to justify personal jurisdiction:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968); *see also CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1263 (6th Cir.1996) (restating criteria); *Theunissen,* 935 F.2d at 1460.

■ The plaintiff argues that Beckett has established a substantial connection with the forum state by purposefully working through an established distribution channel with Rheem to distribute Beckett products, in-

---

F.2d 601, 605 (6th Cir.1993)); *see also Williams v. Browman,* 981 F.2d 901, 903–05 (6th Cir. 1992). Because the amended complaint was not verified, the plaintiff has submitted no sworn statements alleging facts which the court can construe in the light most favorable to the plaintiff.

2. The court must rely on the evidence submitted by the plaintiff and cannot "weigh the controverting assertions of the party seeking dismissal." *Theunissen v. Matthews,* 935 F.2d at 1459; *CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir.1996); *Serras,* 875 F.2d at 1214.

cluding the gas burners, in Tennessee. (Docket No. 15 at 5–6) The plaintiff claims that Beckett sold the disputed gas burners to Rheem with knowledge that heaters containing those gas burners would be sold in Tennessee, which is sufficient for a prima facie showing of intent by Beckett to operate in the forum state. *Id.* This is essentially a "stream of commerce" argument. *See, e.g., Tobin v. Astra Pharm. Prods., Inc.,* 993 F.2d 528, 542–45 (6th Cir.1993); *Noel v. S.S. Kresge Co.,* 669 F.2d 1150, 1154–55 (6th Cir.1982).

In the plurality opinion in *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), Justice O'Connor stated:

> The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.

But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Id.,* at 112, 107 S.Ct. at 1032 (plurality opinion) (internal citations omitted) (emphasis in original). This standard has been used by the Sixth Circuit in determining whether a court may exercise personal jurisdiction over a defendant. *See Tobin v. Astra Pharm. Prods., Inc.,* 993 F.2d 528, 542–45 (6th Cir. 1993).

In this case, the plaintiff has submitted no facts with regard to Beckett's conduct in Tennessee, contacts in Tennessee, or business relationship with Rheem.[3] In the absence of any evidence from the plaintiff of purposeful action directed toward Tennessee by Beckett, the plaintiff cannot establish a prima facie showing of specific personal jurisdiction over Beckett.[4]

■ In addition to specific personal jurisdiction, the plaintiff claims that this court can find general jurisdiction over Beckett based on Beckett's sale of various products to Tennessee residents. Again, however, the plaintiff has submitted no evidence to support these allegations. Instead, the plaintiff relies on the affidavit of Robert Cook, the president

---

3. In a declaration submitted by the defendants, Douglas Smith, Vice President of Sales for Rheem, states that, between 1999 and October 2000, only five water heaters containing Beckett gas burners ended up in Tennessee. (Docket No. 21, Declaration of Douglas W. Smith, para. 7) Four of those water heaters were delivered to Tennessee by mistake; only one was ordered with a Beckett gas burner by a Tennessee resident. *Id.* If the court were to consider this evidence as not controverting any facts asserted by the plaintiff (since the plaintiff has offered no facts), it would reinforce the court's conclusion that Beckett did not utilize any established distribution channels of Rheem to direct activities toward Tennessee.

4. In addition to alleging specific personal jurisdiction under T.C.A. § 20–2–214(a)(6), the plaintiff claims that the court has personal jurisdiction over Beckett under (a)(1) and (a)(2) of that statute. (Docket No. 14, paras. 19–20) Section (a)(1) provides that a court has jurisdiction over a nonresident defendant if the action or claim for relief arises from "[t]he transaction of any business within the state." The plaintiff has offered no facts to show that its claim arose from any business transacted by Beckett in Tennessee, so the plaintiff cannot establish a prima facie showing of jurisdiction on that basis. Under section (a)(2), a court has jurisdiction if the claim arises from "[a]ny tortious act or omission within this state." TENN. CODE ANN. § 20–2–214(a)(2). The plaintiff claims that "infringing sales of the accused gas water heaters containing the accused ... burners ... are made in Tennessee." (Docket No. 14, para. 20) The plaintiff has not offered any evidence of any actions or omissions by Beckett in Tennessee. The only evidence of any sales in Tennessee of water heaters containing these burners that is before the court has been offered by Rheem. (Docket No. 21, Declaration of Douglas W. Smith, para. 7) The responsibility of Beckett in the sales of any such heaters through a Rheem distribution channel has already been discussed. Thus, the plaintiff has not presented sufficient evidence to establish a prima facie showing of personal jurisdiction over Beckett under either (a)(1) or (a)(2) of the Tennessee statute.

of Beckett, which was submitted by the defendant. (Docket No. 15 at 8–9; Docket No. 25, Affidavit of Robert S. Cook, para. 8) In that affidavit, Cook states, "Beckett's total sales of non-accused products to customers in Tennessee, which are also made F.O.B. North Ridgeville, Ohio, have been minimal, amounting to less than 4% of Beckett's total sales revenue since 1998." (Docket No. 25, Affidavit of Robert S. Cook, para. 8) It is unclear how much weight, if any, the court should give to this statement by Cook. Although it provides some information that would possibly assist the plaintiff, it also contains many facts that, if considered, could prevent the court from finding general jurisdiction. If the court considers only those portions of the statement that assist the plaintiff, then it appears that Beckett has made some sales of non-accused products to Tennessee residents.[5] The plaintiff has offered no evidence about Beckett's presence in this state, its business contacts with the state, or the manner and details of these sales to Tennessee residents.

Whether a court is considering general or specific personal jurisdiction, the ultimate issue remains a determination of "whether the facts of the case demonstrate that the non-resident defendant possess such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen,* 935 F.2d at 1459 (quoting *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); *Nationwide Mutual Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir.1996). In order for the court to find general jurisdiction, there must be "a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant ...." *Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir.1997).

Based on cases in the Sixth Circuit on general jurisdiction, the fact that Beckett

may have made some sales to Tennessee residents of some products is not sufficient to make a prima facie showing of general jurisdiction. *See Conti v. Pneumatic Prods. Corp.,* 977 F.2d 978, 981 (6th Cir.1992) (finding no general jurisdiction over a non-resident defendant who did not have an office, employees, or property in the forum state even though the defendant sold products in the state through two distributors and occasionally provided technical support to the distributors); *Third Nat'l Bank in Nashville v. WEDGE Group, Inc.,* 882 F.2d 1087, 1088–90 (6th Cir.1989) (finding it "apparent" that there was no general jurisdiction over a non-resident defendant who was the 100% owner for eight years of a corporation located in Tennessee, assisted in obtaining financing from a Tennessee bank to support that company, and had employees who served as directors of the Tennessee company and met regularly in Tennessee over the course of four years to oversee that company); *see also Nationwide Mutual Ins. Co.,* 91 F.3d at 793–94 (finding no general jurisdiction over the defendant where there is not a sufficient showing of systematic conduct in the forum state) (citing *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.,* 918 F.2d 1039, 1045–46 (2nd Cir.1991) (Second Circuit found that thirteen business trips of short duration over an eighteen month period were not sufficient for a finding of general jurisdiction.)). On the single fact that Beckett sold some products to some Tennessee residents, the court cannot find that Beckett had continuous and systematic contacts with the state of Tennessee sufficient for a prima facie showing of general jurisdiction.

Thus, on the evidence presented, the plaintiff cannot meet its burden of a prima facie showing of either specific or general personal jurisdiction over the defendant Beckett. Because the plaintiff has not established that this court has personal jurisdiction over the defendant corporation, the court must also find that venue is improper pursuant to 28 U.S.C. § 1400(b).

---

5. This reading of the evidence gives no weight to the limited number of sales, to the limited time period of the sales, or to the assertion that the sales took place F.O.B. North Ridgeville, Ohio. Each of these assertions would weigh against finding general jurisdiction over the defendant.

In its motion, Beckett moved that the court dismiss the plaintiff's case or, in the alternative, transfer it to the Northern District of Ohio so that both actions on the related issues might be considered simultaneously. Beckett made this motion for transfer pursuant · to 28 U.S.C. § 1406(a). Although the initial motion was filed prior to the addition of Rheem as a defendant in this case, in its reply memorandum Beckett reasserted its motion for transfer to the Northern District of Ohio, including the transfer of claims against Rheem.[6]

Under § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court held that the "language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Id.*, at 466, 82 S.Ct. at 916.

■ The Sixth Circuit has followed this holding in finding that a district court, in its discretion, "may grant a change of venue under § 1406(a) when venue was improper in the original forum," even where the court lacks personal jurisdiction over the defendant before the transfer. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir.1993); *see also GBJ Corp. v. Eastern Ohio Paving Co.*, 139 F.3d 1080, 1085 (6th Cir.1998) (considering a case that was transferred pursuant to

§ 1406(a) on the basis of both improper venue and lack of personal jurisdiction); *Martin v. Stokes*, 623 F.2d 469, 471, 474 (6th Cir. 1980) (discussing the authority of a court to transfer a case where the court lacks personal jurisdiction over the defendant).

In this case, the defendants have filed a claim against the plaintiff in the Northern District of Ohio. Beckett admits that venue is proper in that court for the plaintiff's claims against Beckett. (Docket No. 12 at 8–9) Although Rheem has not filed a separate motion in this case, it appears to agree with Beckett and is a party plaintiff in the lawsuit in Ohio.

The plaintiff objects to the transfer of this case on the principle of the first-to-file rule. The plaintiff argues that because its action was filed in this court prior to the defendants' filing in the Northern District of Ohio, the plaintiff's preference for this court should be given substantial weight. However, the first-to-file rule is not relevant in this case because the court finds that it lacks personal jurisdiction over Beckett.[7] In addition, the first-to-file rule would weigh in favor of transferring the plaintiff's claims against Rheem because the defendants' action was filed on August 14, 2000, (Docket No. 12, attach.), and the plaintiff's amended complaint, bringing claims against Rheem, was not filed until September 8, 2000. (Docket No. 14).

In the interests of deciding the plaintiff's claims on their merits, the court finds that the appropriate remedy in this case for the improper venue of this action is to transfer the case to the Northern District of Ohio,

---

6. Beckett actually requested that claims against it be dismissed and claims against Rheem be transferred pursuant to 28 U.S.C. § 1404(a). · (Docket No. 20 at 8–9) However, this court will construe the motion as it is titled and as it was originally filed—as a motion for transfer of all claims pursuant to § 1406(a). The court has not been presented with the issue of personal jurisdiction over Rheem because this case was stayed pending the resolution of the instant motion. (Docket No. 19) Assuming, arguendo, that the court can exercise jurisdiction over Rheem, the transfer of the claims against Rheem would still be appropriate under § 1404(a) so that all the issues relating to this matter may be resolved simultaneously by a single court.

7. The plaintiff also argues that the question of personal jurisdiction over the defendant should have no bearing on the application of the first-to-file rule. (Docket No. 15 at 2) However, the case cited by the plaintiff for this proposition states that the second-filed court should not include a jurisdictional requirement in a determination of whether to apply the first-to-file rule. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603–04 (5th Cir.1999). This case does not stand for the proposition that the first-filed court should not examine whether it has personal jurisdiction over a defendant when a proper motion for dismissal is presented.

399

where the factually and legally similar issues may be resolved concurrently.

Therefore, for the reasons stated herein, the court finds that venue in this court is improper. In the interests of justice, the defendant's motion to dismiss the plaintiff's claims is **DENIED**, and the defendant's motion to transfer this cause of action to the Northern District of Ohio is **GRANTED**.

It is so Ordered.