RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0159p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MARTY WALTER STANIFER,

               _Plaintiff-Appellant,_

        _v._

ALPHEUS R. BRANNAN and THELMA D.
ALLDREDGE,

               _Defendants-Appellees._

No. 07-6019

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 06-00373—John G. Heyburn II, Chief District Judge.

Argued: July 30, 2008

Decided and Filed: April 27, 2009

Before: DAUGHTREY and GIBBONS, Circuit Judges; ZATKOFF, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Gary A. Tabler, Louisville, Kentucky, for Appellant. Curt L. Sitlinger, SITLINGER, McGLINCY, THEILER & KAREM, Louisville, Kentucky, for Appellees. **ON BRIEF:** Gary A. Tabler, Louisville, Kentucky, for Appellant. Curt L. Sitlinger, SITLINGER, McGLINCY, THEILER & KAREM, Louisville, Kentucky, for Appellees.

_____

## OPINION

_____

MARTHA CRAIG DAUGHTREY, Circuit Judge. In this appeal, we are asked to determine whether the district court abused its discretion in denying the motion filed by plaintiff Marty Stanifer, pursuant to 28 U.S.C. § 1406(a) and § 1631, to transfer venue from the Western District of Kentucky, where the plaintiff resided and where his

---

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

complaint was filed, to the Northern District of Alabama, where the two defendants resided and where all the events that gave rise to this litigation occurred. The motion was filed in response to the defendants' motion to dismiss for lack of personal jurisdiction. The district court held that it lacked personal jurisdiction to try this diversity action, denied the plaintiff's motion to transfer, and dismissed the case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The only question on appeal is whether the district court abused its discretion in deciding to dismiss rather than transfer the case. We find no such abuse.

The plaintiff filed his complaint, citing subject matter jurisdiction based on diversity, in the Western District of Kentucky. The claim was one for damages arising from personal injuries suffered by the plaintiff in an automobile accident that occurred in Decatur, Alabama, allegedly due to the negligence of defendants Alpheus Brannan and Thelma Alldredge, both residents of Alabama. Rather than file an answer to the complaint, the defendants moved to dismiss for lack of personal jurisdiction and improper venue. The plaintiff did not attempt to establish valid grounds for jurisdiction, instead filing a motion to transfer venue to the Northern District of Alabama, which the district court denied.

It bears repeating that other than moving to transfer, the plaintiff made no effort to avoid dismissal. He nevertheless asserts on appeal that the district court erred *both* in denying his motion to transfer *and* in granting the defendants' motion to dismiss for lack of jurisdiction. In his brief, however, he fails to offer any argument, let alone a citation, to support the contention that the district court had personal jurisdiction over the defendants and was, therefore, mistaken in dismissing the complaint. We therefore consider that claim waived. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008).

What the plaintiff does argue is that the district court erred in denying his motion to transfer venue and instead entering the order of dismissal. He bases this claim on the provision in 28 U.S.C. § 1406(a) that requires dismissal of "a case laying venue in the wrong division or district," unless the district court finds "in the interest of justice" that the case should be transferred "to [the district] in which it could have been brought,"

rather than dismissed. A similar provision in 28 U.S.C. § 1631 permits transfer of a case when the court finds "a want of jurisdiction," if the court also finds that transfer to the appropriate district "is in the interest of justice." As the district court correctly noted, these statutes confer broad discretion in ruling on a motion to transfer. Nevertheless, the district judge declined to exercise that discretion in this case, finding that the interest of justice would not be served by a transfer:

> Plaintiff filed this complaint in Kentucky without having the slightest reason to believe that he could obtain personal jurisdiction over the Defendants within this jurisdiction. Whether the filing of this complaint here was a matter of oversight, inattention or wilful abuse of process, this Court does not know and need not determine. The fact is, [Plaintiff] having misused the processes of the Court, the interests of justice are not well served by allowing Plaintiff to maintain his suit as filed.

> Under different circumstances, the Court could be persuaded to exercise its discretion [to effect a transfer]. Here, the lawsuit so obviously lacks merit as to jurisdiction over these Defendants that it would be unfair to give Defendants anything less than the complete remedies that they request. That the result of this decision may be the complete loss of Plaintiff's claim[ ] is not a fact which carries particular weight under these circumstances. The "interest of justice" analysis which might permit this court to exercise its discretion by transferring venue should not permit Plaintiff to resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance.

Taking issue with the district court's decision, the plaintiff cites our opinion in *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), contending that it involves the "exact question" presented in this case and that "the district court should have transferred venue [from the Northern District of Ohio] to the Western District of Louisiana, [where] the putative (*sic*) defendant would be subject to personal jurisdiction" because "the need for judicial economy" established that the transfer would be in the interest of justice. But only the broadest of readings would permit us to interpret the convoluted procedural situation in *Roman* as presenting the "exact question" as in the case now before us.

Roman was an alien being held in an INS detention facility in Louisiana prior to his forced removal from this country, based on criminal offenses for which he had been

tried and convicted in Ohio.  His attorney filed a petition for habeas relief in the Northern District of Ohio against various INS officials and the United States Attorney General, under whose direction the INS was operating at the time.  The district court granted habeas relief, rejecting the respondents' motion to dismiss for lack of personal jurisdiction, in which they contended that the "immediate custodian" rule controlled the jurisdiction question and that the petitioner's immediate custodian was the INS district director in New Orleans, over whom the district court in Ohio had no jurisdiction.  *Id.* at 318-19.  The district court held that the United States Attorney General, also a respondent in the suit, could be considered the petitioner's custodian and denied the motion to dismiss.  There is no indication that a motion to transfer venue under either 28 U.S.C. § 1406(a) or § 1631 was filed in the district court.  Indeed, the suggestion that a transfer under those provisions might be in order originated in our court, after we applied the "immediate custodian" rule and declined to invoke the exception to this general rule urged by the petitioner.  That exception, recognized "by some courts," allows the Attorney General to be named as the respondent in an alien's petition for a writ of habeas corpus under "extraordinary circumstances."  *Id.* at 321, 325-27.

The district court determined, in effect, that a backlog of habeas petitions filed by those in the Western District of Louisiana awaiting deportation created a risk that petitioner Roman's request for relief from removal might not be heard before his deportation was effected. *Id.* at 325-27.  On appeal, we held that this conjecture by the district court did not constitute a sufficiently "extraordinary circumstance" to avoid application of the "immediate custodian" rule.  We could not determine from the record, however, whether the district court might have had jurisdiction over one of the other named respondents, because personal jurisdiction as to those respondents had not been considered by the district judge.  We therefore remanded the case to the district court to make a full assessment on the issue of jurisdiction, but also directing – as a matter of *dicta* – that if the court found a complete lack of jurisdiction, the case should be transferred to the Western District of Louisiana under section 1631, "in the interest of justice."  *Id.* at 329.

We have engaged in an extended discussion of *Roman* principally to demonstrate how utterly different that case is from the one now before us. Aside from the dissimilar procedural posture of the two cases, it is clear that petitioner Roman had at least a colorable basis for filing his action in the Northern District of Ohio and a plausible reason for failing to file in the Western District of Louisiana. By contrast, Stanifer has failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue – and no reason at all for failing to file in the proper district. True, Stanifer's counsel may have needed to file his client's complaint promptly in order to toll the running of the Alabama statute of limitations, but that necessity would not justify filing a complaint in what amounts to the nearest federal courthouse.

The long-standing authority on the transfer of misfiled complaints is the Supreme Court's opinion in *Goldlawr v. Heiman*, 369 U.S. 463 (1962). In continuing to insist on appeal that the district court in this case erred in failing to transfer rather than dismiss his complaint, the plaintiff quotes the following passage from *Goldlawr*:

> The language of s 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue . . . . The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years--that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. *If by reason of the uncertainties of proper venue a mistake is made*, Congress, by the enactment of s 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'

*Goldlawr*, 369 U.S. at 466-67 (emphasis added).

In speaking of a mistake resulting from "the uncertainties of proper venue," the *Goldlawr* court cannot have intended that dismissal of a complaint filed, deliberately or carelessly, in the wrong district should be excused as a "justice-defeating technicality."

The author of the *Goldlawr* opinion, Justice Black, referred not only to "the uncertainties of proper venue" as justifying a remediable error in filing, but also noted that transfer was appropriate when plaintiffs "had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Id.* at 466. Here, there were, in fact, no uncertainties that the proper venue lay in the Northern District of Alabama – we know that from the fact that the plaintiff has waived any question about the correctness of the district court's finding that personal jurisdiction over the Alabama defendants was lacking in this case. Nor, for the same reason, can the plaintiff's decision to file in the Western District of Kentucky be termed "an erroneous guess [based on] some elusive fact" bearing on jurisdiction. As the Fourth Circuit noted in analyzing the quotation from *Goldlawr* set out above:

> The negative implication of the Court's statement is that where a plaintiff's attorney files in the wrong jurisdiction not "because they . . . made an erroneous guess with regard to an elusive fact," but because he/she made an obvious error, transfer under section 1406 is inappropriate.

*Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993). The Seventh Circuit has set a similar standard in affirming a district court's decision to dismiss a plaintiff's claim for lack of personal jurisdiction rather than transfer it:

> If [Plaintiff's] mistake were one easy to commit, the penalty [of dismissal] might be so disproportionate to the wrong that it would have to be reversed, as a clear abuse of discretion. But the mistake [in this case] was elementary. Elementary prudence would have indicated to [Plaintiff's] lawyer that he must file a protective suit in Michigan [where jurisdiction properly lay] because there was only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants.
>
> * * * * *
>
> If the result in the present case seems harsh, that is because the costs to [Plaintiff] are palpable while the benefits are largely invisible. But the benefits are not trivial; litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction.

*Coté v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see also Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2nd Cir. 1992) ("[A] transfer in this case would reward plaintiffs for

their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.").

In positing that transfer rather than dismissal should be considered the default action in cases filed in the wrong jurisdiction, the plaintiff relies on the statement in Wright and Miller's federal procedure treatise that "[because] the presumption should be in favor of transfer as the normal procedure, dismissal is only appropriate in unusual circumstances."[1] CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 at 605 (3d ed. 1998). The many cases cited by the plaintiff to demonstrate the validity of that proposition – virtually all of them from district rather than circuit courts – do, in fact, hold that sections 1406(a) and 1631 permit transfer of a misfiled case to the proper venue "in the interest of justice." What is missing from the plaintiff's analysis, however, is a discussion of the factual context of these cases. Most, if not all, of them turn out to have involved an assertion of subject-matter or personal jurisdiction that provided some arguable basis for thinking that the action was properly brought in the district in which it was originally filed.[2] Here, by contrast, there was none. Moreover, the plaintiff's reliance on the quoted statement from

---

[1] The plaintiff relies on this statement to support his argument that the district court erred in assigning to him the burden of establishing "the burden of persuasion with regard to the transfer of venue," insisting that this burden should fall on "the party opposing the change of venue." However, case law in this circuit clearly provides that "[t]he burden of establishing jurisdiction is on the plaintiff," *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993), and in the absence of the ability to establish jurisdiction in the district in which the complaint was filed and faced with a motion to dismiss, it seems clear that the plaintiff would have the burden of proving grounds for a transfer.

[2] *See, e.g.*, *Bunn v. Gleason*, 462 F. Supp. 2d 317 (D. Conn. 2006) (defendants included several "John Does" with unknown residences); *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415 (E.D. Pa. 2005) (defendant corporation subject to nationwide service of process under the Clayton Act); *State Indus., Inc. v. Beckett Gas, Inc.*, 200 F.R.D. 392 (M.D. Tenn. 2001) (defendant corporation placed products in the stream of commerce knowing some would be sold in forum state); *Bearse v. Main Street Inv.*, 170 F. Supp. 2d 107 (D. Mass. 2001) (persons alleged to be agents of defendant corporation visited the plaintiff in the forum state); *Obermeyer v. Gilliland*, 873 F. Supp. 153 (C.D. Ill. 1995) (defendant traveled regularly through the forum state); *DeMoss v. First Artists Production Co.*, 571 F. Supp. 409 (N.D. Ohio 1983) (forum court was proper venue for plaintiff's Securities Exchange Act claims, but not plaintiff's RICO claims); *Nation v. U.S. Gov't*, 512 F. Supp. 121 (N.D. Ohio 1981) (jurisdiction proper as to some, but not all, defendants); *Phillip Gall & Son v. Garcia Corp.*, 340 F. Supp. 1255 (E.D. Ky. 1972) (same).

In contrast, several circuits have affirmed a district court's decision to dismiss a suit rather than transfer. *See, e.g.*, *Nichols*, 991 F.2d 1195; *Spar, Inc.*, 956 F.2d 392; *Deleski v. Raymark Indus., Inc.*, 819 F.2d 377 (3d Cir. 1987); *Coté*, 796 F.2d 981; *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983).

Federal Practice and Procedure conveniently overlooks the authors' further pronouncement:

> [D]istrict courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and [the court decides] that similar conduct should be discouraged. Although a case does not have to be dismissed when this is the situation, a district court is unlikely to be reversed if it does choose to dismiss.

WRIGHT, MILLER & COOPER, *supra* § 3827 at 602-04.

In this case, we have little hesitation in affirming the district court's order dismissing the plaintiff's complaint for lack of personal jurisdiction over the defendants rather than transfering the case to the district that the plaintiff's attorney undoubtedly knew was the correct one all along. Specifically, we agree with the court's determination that the interests of justice swing against the plaintiff and not in his favor. Although the district court was aware of the possible expiration of the Alabama statute of limitations and took that factor into consideration, the court was within its discretion to hold that the plaintiff, having engaged in the misuse of the court's processes, should not be permitted by means of a transfer to "resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first place." Moreover, it is clear that substantial costs to the judicial system, let alone to the defendants, have resulted from this litigation, including the expenditure of resources in the district court and on appeal.

On the record before us, we cannot say that the decision to deny the plaintiff's motion to change venue constituted an abuse of the district court's discretion. For that reason, we AFFIRM the court's judgment dismissing the complaint in this case under Rule 12(b)(2) for failure to establish jurisdiction.