**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 09a0465n.06**

No. 08-3904

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Jul 06, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ELLENORA G. JACKSON; WALTER JACKSON; RENA WILSON, By and Through Next Friend Ellenora G. Jackson, | ) ) ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellants, | ) ) | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| | ) | **O P I N I O N** |
| L&F MARTIN LANDSCAPE; MARK BELIG, | ) ) | |
| Defendants-Appellees. | ) ) ) | |

Before: KEITH, COLE, and WHITE, Circuit Judges.

**WHITE, Circuit Judge.** Plaintiffs Ellenora and Walter Jackson and minor Rena Wilson appeal the district court's dismissal of their case without prejudice for lack of personal jurisdiction over defendants L&F Martin Landscape and Mark Belig. On appeal, plaintiffs do not contest the district court's ruling that personal jurisdiction over defendants was lacking. Rather, they argue that the district court should have transferred the case to the New Jersey district court instead of dismissing the matter. Because the district court failed to address plaintiffs' request to transfer pursuant to 28 U.S.C. § 1631 and did not determine whether transfer would be in the interest of justice, we REVERSE and REMAND.

**BACKGROUND**

On or about September 5, 2005, two automobiles collided in Franklin Township, New Jersey. Plaintiffs, who are all residents of Cleveland, Ohio, were in one car—Ellenora Jackson was driving.

New Jersey corporation L&F Martin Landscape owned the other vehicle, which was driven by Mark Belig, a resident of New Jersey. Plaintiffs brought suit premised on diversity jurisdiction in the Northern District of Ohio on September 4, 2007, alleging Belig's negligent operation of the vehicle and L&F's negligent entrustment of its vehicle to Belig.

Defendants filed a motion to dismiss for lack of personal jurisdiction. In their brief opposing defendants' motion to dismiss, plaintiffs argued in favor of jurisdiction and, in the alternative, that if the district court were to agree with defendants that personal jurisdiction was lacking, the court should transfer the case to New Jersey pursuant to 28 U.S.C. §§ 1404, 1406, and 1631.

On June 9, 2008, the district court granted the motion to dismiss without prejudice and entered judgment. The court ruled that it lacked personal jurisdiction over defendants under Ohio's long-arm statute and that the due process requirements were not met. At the end of its opinion, the court acknowledged plaintiffs' request that the case be transferred to New Jersey "pursuant to 28 U.S.C. § 1404 or 1406." The court observed that § 1406(a) provides that a district court shall dismiss a case where venue is improper "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, the court concluded that plaintiffs had not filed a § 1406 motion to transfer venue and had "presented no basis showing that the Court should grant a change of venue." The court accordingly dismissed the case without prejudice. Plaintiffs appealed.

## DISCUSSION

Plaintiffs expressly concede that personal jurisdiction may not have been proper in the Northern District of Ohio, but contend that the district court should have granted their request that the case be transferred to a New Jersey federal district court pursuant to 28 U.S.C. §§ 1404, 1406, and 1631. We review a district court's decision to dismiss a complaint rather than transfer the case for an abuse of discretion. *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

To the extent plaintiffs argue that the district court should have transferred their case pursuant to section 1404, they are mistaken. The purpose of this provision is to transfer actions brought in a permissible yet inconvenient forum. *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980). "[A] transfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

However, section 1406 applies to actions that are brought in an impermissible forum; the district court need not have personal jurisdiction over defendants before transferring pursuant to this section. *Martin*, 623 F.2d at 471, 474. Section 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Section 1631 also applies to such actions. It states that when the court "finds that there is a want of jurisdiction," it "shall, if it is in the interest of justice, transfer such action .

3

. . to any other such court in which the action . . . could have been brought . . . ." 28 U.S.C. § 1631.[1]

"A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible federal court would have jurisdiction over the action, or because (2) transfer would not be in the interest of justice." *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (quotation marks omitted).[2]

As this court recently observed, sections 1406(a) and 1631 are "similar provision[s]" that "confer broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). However, that broad discretion is abused when it is not at least exercised. *See Taylor v. Social Sec. Admin.*, 842 F.2d 232, 233 (9th Cir. 1988) ("A district court's failure to exercise discretion [regarding transfer under section 1631] constitutes an abuse of discretion."). We have previously recognized that it is an abuse of discretion for a district court "to refuse to transfer without determining whether transfer would be 'in the interest of justice.'" *Commodities Export Co. v. U.S. Customs Serv.*, 888 F.2d 431, 439 (6th Cir. 1989) (quoting 28 U.S.C. § 1631; citing *Taylor*, 842 F.2d at 233). Here, the district court did not determine whether it would be "in the interest of justice" to transfer the case. Moreover, although plaintiffs expressly requested transfer pursuant to

---

[1]Section 1631 also authorizes the transfer of appeals to any court in which that appeal could have been brought. *See* 28 U.S.C. § 1631. Moreover, the rule in this circuit is that section 1631 authorizes transfers in the event the court lacks "jurisdiction"—whether subject matter jurisdiction or personal jurisdiction. *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003).

[2]The question whether there is "no permissible federal court [that] would have jurisdiction over the action" does not appear to be at issue in this case. There does not appear to be any disagreement with the notion that the action could have been brought in the District of New Jersey.

section 1631, the district court did not consider transferring the case pursuant to that provision—its ruling only mentioned sections 1404 and 1406. By failing to address the propriety of a transfer pursuant to section 1631 and dismissing the case without first determining whether a transfer would be "in the interest of justice," the district court abused its discretion.[3]

Finally, we note that plaintiffs maintain that their action would be barred by the applicable statute of limitations were this case not transferred. It is an apt observation that the reasons for transferring a case to a proper forum rather than dismissing "are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits." 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 587 (3d ed. 2007).

---

[3]Defendants argue on appeal that this court's recently-issued opinion in *Stanifer v. Brannan* supports their arguments for affirmance. However, in *Stanifer* the district court had expressly considered a section 1631 transfer and found that the interest of justice would not be served. *See Stanifer*, 564 F.3d at 457. Indeed, the *Stanifer* district court found that plaintiff filed his complaint "without having the slightest reason to believe that he could obtain personal jurisdiction over the Defendants within this jurisdiction"—in other words, there was no "arguable basis for thinking that the action was properly brought in the district in which it was originally filed"—and concluded that plaintiff "misused the processes of the Court," such that the interest of justice weighed in favor of dismissal. *See id.* at 457, 460. In the instant case, the district court did not consider the propriety of a section 1631 transfer, let alone similarly find that a transfer would not serve the interest of justice.

Defendants also argue that any transfer of the case would somehow violate their due process rights. They provide no authority establishing that a transfer of this case would rise to the level of constitutional injury. When read in the most generous light, their argument is essentially that it would not be in the interest of justice to transfer. Such an argument is best addressed to the district court.

No. 08-3904
*Jackson et al. v. L&F Martin Landscape et al.*

## CONCLUSION

For the above reasons, we REVERSE and REMAND for further proceedings consistent with this opinion.