NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1861
_____

ANANT KUMAR TRIPATI,

Appellant

v.

WEXFORD HEALTH SOURCES INC.; MATTHEW R. ZWICK; SAMUEL H.
FORMAN; WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP;
JONAH E. RAPPAZZO; BRANDI C. BLAIR; EDWARD HOCHULI; CORIZON INC.;
QUINTAIROS PRIETO WOOD & BOYER P.A.; ANTHONY J. FERNANDEZ;
NICOLE ROWEY, aka Nichole L. Cullen; JOSEPH SCOTT CONLON; CHARLES
STEDMAN HOVER, III; TIMOTHY REGIS GRIMM, II; KRISTIN WHITNEY
BASHA; RENAUD COOK DRURY MESAROS P.A.; KELLY JOAN MORRISSEY;
PAUL EDWARD CARTER; DARYL JOHNSON; KARYN KLAUSNER; COURTNEY
GLYNN; CHERYL DOSSETT; DIANE BOUSHESZWICZ; BETTY ULLIBARRI;
CENTURION OF ARIZONA; SARAH L. BARNES; BROENING OBERG WOODS &
WILSON P.C.; MICHAEL E. GOTTFRIED; LUCY M. RAND; DANIEL P. STRUCK;
TIMOTHY J. BOJANOWSKY; RACHEL LOVE; NICHOLAS D. ACEDO; STRUCK
WIENEKE & LOVE PLC; CHARLES L. RYAN; DAVID SHINN; JULIA ERWIN;
LORI METCALF; CENTURION LLC

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00427)
District Judge: Honorable William S. Stickman IV

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 12, 2022

Before: AMBRO, KRAUSE, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed:  December 15, 2022)

_____

OPINION*

_____

PER CURIAM

Longtime Arizona state prisoner Anant Tripati appeals pro se from the order of the United States District Court for the Western District of Pennsylvania dismissing his second amended complaint without further leave to amend.  For the reasons that follow, we will affirm that judgment.[1]

I.

Tripati is a convicted fraudster who, over the past few decades, has inundated the federal courts with scores of lawsuits.[2]  He has brought most of his cases in the United States District Court for the District of Arizona.  But in 2020, he changed course and filed a pro se complaint in the United States District Court for the Western District of Pennsylvania (hereinafter "the District Court").  After paying the filing fee, but before serving any defendant, Tripati filed an amended complaint.  When the defendants moved

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Tripati's motion for permission to file his overlength reply brief is granted.

[2] Ostensibly in light of his vexatious litigation history, Tripati has been subject to filing restrictions in the United States District Court for the District of Arizona, see In re Tripati, 891 F.2d 296 n.1 (9th Cir. 1989) (table), the United States Court of Appeals for the Ninth Circuit, see In re Tripati, 9th Cir. Case No. 93-80317, and the United States Supreme Court, see Tripati v. Schiro, 541 U.S. 1039 (2004) (mem.).

to dismiss the amended complaint, Tripati filed a second amended complaint ("the SAC"). The SAC named dozens of defendants, "including third-party healthcare contractors, five law firms and their attorneys alleged to have represented the healthcare contractors in prior litigation[,] attorneys from the Arizona Office of Attorney General, and various Arizona Department of Corrections personnel." (Mag. J. Report entered Feb. 14, 2022, at 3 [hereinafter Mag. J. Report].) Most of the defendants had no ties to the Commonwealth of Pennsylvania.

The SAC is, at times, rambling, vague, and difficult to follow. It appears to allege that "a vast nationwide conspiracy exists in which the corporate health care providers and their counsel have systematically concealed 'inculpatory evidence.'" (Id. at 4.) "Tripati contends that Defendants engaged in these practices in order to prevail in litigation, to conceal evidence to make a profit, to violate his attorney[-]client privilege, to retaliate against him, to abuse procedural devices, and to deny him access to evidence." (Id.) The SAC also alleges, inter alia, that Tripati suffers from various medical conditions, and that "the healthcare providers have 'gone through the motions to treat [him],' but have not provided effective treatment." (Id. at 5.) In light of Tripati's allegations, he sought, inter alia, $5 million in damages against each defendant.

The defendants moved to dismiss the SAC, while Tripati sought leave to file a third amended complaint. The District Court referred those motions to a United States Magistrate Judge, who issued a 34-page report recommending that the District Court deny Tripati further leave to amend and dismiss the case in its entirety. In support of this recommendation, the Magistrate Judge concluded that (1) the District Court lacked

3

personal jurisdiction over most of the defendants, (2) it would not be in the interest of justice to transfer the causes of action against that subset of defendants to a different court pursuant to 28 U.S.C. § 1406(a), (3) the causes of action against the remaining defendants failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and (4) it would be both inequitable and futile to grant Tripati further leave to amend. On April 5, 2022, the District Court overruled Tripati's objections to the Magistrate Judge's report, adopted the report, and dismissed the case. This timely appealed followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's judgment is plenary, see In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 242 (3d Cir. 2012), except that we review for abuse of discretion the District Court's denial of further leave to amend, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013), and its decision not to transfer this case pursuant to § 1406(a), see, e.g., Stanifer v. Brannan, 564 F.3d 455, 456 (6th Cir. 2009); Posnanski v. Gibney, 421 F.3d 977, 978 (9th Cir. 2005); cf. Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 129 (3d Cir. 2020) (reviewing for abuse of discretion the district court's refusal to transfer under 28 U.S.C. § 1631).

Like the SAC, Tripati's appellate briefing is not a model of clarity. One of the seven appellee briefs filed in this case argues that Tripati has forfeited certain issues on appeal. We need not decide the question of forfeiture because it is clear that, even if Tripati has preserved all issues relevant to this appeal, there is no reason to disturb the District Court's judgment. For substantially the reasons set forth in the Magistrate

4

Judge's thorough and cogent report, which the District Court adopted, we agree with the District Court's determination that personal jurisdiction is lacking as to most of the defendants and that Tripati's various claims against the remaining defendants fail to state a viable cause of action under Rule 12(b)(6).[3] Furthermore, we see no abuse of discretion in the District Court's denying further leave to amend, see LaSpina v. SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile or inequitable" (internal quotation marks omitted)), or its declining to transfer this case to another court.[4]

---

[3] Tripati appears to take issue with the Magistrate Judge's report's application of a heightened pleading standard to his fraud claims. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As we have previously explained, Rule 9(b)'s "normally rigorous particularity rule has been relaxed somewhat where the factual information is particularly within the defendant's knowledge or control." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997). But even if a relaxed application of Rule 9(b) were warranted in this case, Tripati would still need to allege facts demonstrating that his fraud claims are plausible. See id.; see also Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) ("To survive dismissal [under Rule 12(b)(6)], 'a [pleading] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))). We are not persuaded that he has done so.

We also note that the Magistrate Judge's report, when evaluating Tripati's substantive due process claim, appeared to apply the standard governing *procedural* due process claims. (See Mag. J. Report 21.) But there is no need for us to remand for further proceedings, for Tripati has not alleged facts that would state a viable substantive due process claim. See Vargas v. City of Philadelphia, 783 F.3d 962, 973 (3d Cir. 2015) (explaining that a plaintiff raising a substantive due process claim must demonstrate that the government's deprivation of an interest protected by the Fourteenth Amendment "shocks the conscience" (citation to quoted case omitted)); see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (explaining that we may affirm a district court's judgment on any basis supported by the record).

[4] Since the basis for the District Court's dismissal of the out-of-state defendants was a lack of personal jurisdiction, there may be some question whether the District Court

In view of the above, we will affirm the District Court's judgment. To the extent that Tripati seeks any other relief from us, that relief is denied.

---

should have evaluated the question of transfer under § 1631, not § 1406(a). See Chavez v. Dole Food Co., Inc., 836 F.3d 205, 224 (3d Cir. 2016) ("[T]he statutory provision applicable in these circumstances is arguably not 28 U.S.C. § 1406(a), but rather 28 U.S.C. § 1631, which governs transfer when there is a want of jurisdiction." (internal quotation marks omitted)). However, we need not answer this question to resolve this appeal, because those two statutes are governed by the same standard. See id. (explaining that both statutes warrant transfer if it is "in the interest of justice").