**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3218
_____

JAMESON ROSADO,
                                    Appellant

v.

JOSEPH A. DICKSON, Retired US Magistrate; MIKE KELLY, Carteret Police Officer;
SGT. E. STENTELLA, Carteret Police Officer; JERRY SANSEVERINO, US Marshal
Inspector; WILLIAM FEINGOLD, NJ Judge; HON. ALLEN COMBA, Carteret, NJ
Municipal Court Judge; HON. COLLEEN FLYNN, NJ Superior Court Judge; KAITLYN
MALTESE, Asst. Middlesex Cty. Prosecutor; STEPHEN TARDIFF, Clerk Carteret; US
MARSHAL'S, other unidentified; WILLIAM HIGGINS, Carteret Police Officer
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:22-cv-01274)
District Judge:  Honorable John M. Vazquez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: October 17, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jameson Rosado appeals pro se from an order of the United States District Court for the District of New Jersey that sua sponte dismissed his claims under 28 U.S.C. § 1915(e)(2)(B) and denied as moot his motion to transfer venue. We will affirm.

Rosado is a former FBI employee who filed a previous civil action that is relevant to this one. In that previous action, Rosado challenged his termination from the FBI. The District Court entered summary judgment in favor of the defendants, and we affirmed. See Rosado v. Att'y Gen., 838 F. App'x 719 (3d Cir. 2021) (not precedential). Former Magistrate Judge Joseph A. Dickson presided over certain aspects of that case. After the District Court ruled, Rosado left at least one threatening voicemail message for Magistrate Judge Dickson, who, Rosado alleges, "summoned US Marshals to the Carteret NJ Police Department." (ECF 2, at 6; Doc. 9, at 8-9.) In response to the voicemail, a U.S. Marshal's agent and local police officers visited Rosado at his home. (Doc. 9-1, at 25-32.) Police officers arrested Rosado, charged him with harassment, and temporarily confiscated his firearms pursuant to the state's Extreme Risk Protective Order Act of 2018. (Id. at 62-66.) Although details of Rosado's criminal proceedings are not entirely clear, it appears that he ultimately pleaded guilty to a misdemeanor and is "permanently ban[ned]" from possessing firearms. (Doc. 9, at 5, 9-10.)

2

Rosado then filed pro se the civil action at issue here.[1]  He initially named as defendants Magistrate Judge Dickson and the agent and officers involved in his arrest and firearms seizure.  In two amended complaints, he also named as defendants the New Jersey judges and prosecutor involved in his prosecution.  He asserted three general categories of claims.  First, he claimed that his former federal action was wrongly decided, and he requested reopening of that action and consolidation with the underlying one.  Second, he claimed that the defendant agent and officers violated his Second and Fourth Amendment rights by visiting his home and confiscating his firearms.  Third, he claimed that the harassment charge was invalid and that his criminal proceeding was defective.  The District Court granted Rosado's request to proceed in forma pauperis but dismissed his complaints under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.[2]  The District Court also denied as moot Rosado's motion to transfer venue to the United States District Court for the Southern District of New York.  Rosado appeals pro se.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of a sua sponte dismissal for failure to state a claim pursuant to § 1915(e)(2)(B), like that of a dismissal

---

[1] Rosado filed the complaint in United States District Court for the Southern District of New York, which transferred the matter under 28 U.S.C. § 1406(a) to the United States District Court for the District of New Jersey.  (ECF 4.)

[2] The District Court dismissed Rosado's initial complaint and amended complaint without prejudice to amendment and then dismissed his second amended complaint with prejudice.

on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

To the extent that Rosado seeks to challenge the entry of summary judgment in his

prior civil action, he may not do so now. As the District Court accurately explained, "his

recourse (which [he] exercised) was to take an appeal in that matter." (ECF 14, at 3.)

Moreover, judicial immunity bars Rosado's claims for damages based on alleged conduct

and mistakes made by the judges who were involved in his prior civil action. See

Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (stating that "[a]

judicial officer in the performance of his duties has absolute immunity from suit and will

not be liable for his judicial acts"); see also Barrett v. Harrington, 130 F.3d 246, 259 (6th

Cir. 1997) (holding "that in circumstances in which a judge reasonably perceives a threat

to himself or herself arising out of the judge's adjudicatory conduct, the judge's response,

be it a letter to a prosecutor or a call to the Marshall's [sic] office for security, is a judicial

act within the scope of judicial immunity").

The District Court also properly rejected Rosado's Second and Fourth Amendment

claims. He did not challenge the constitutionality of New Jersey's Extreme Risk

Protective Order Act or squarely raise any other Second Amendment claim. And his

Fourth Amendment claims were merely conclusory and remained so through all three

iterations of his complaint. Further, although Rosado alleged in his initial compliant that

officers entered his home without a warrant (ECF 2, at 6), he later stated that he invited

4

them inside and he attached to his first amended complaint copies of a Complaint Warrant and a Search Warrant. (ECF 9-1, at 33, 36.) He did not allege that the police obtained those warrants based on statements that they knew to be false or on statements that they made in reckless disregard of the truth. See Lippay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993) (stating that "recovery under [a] Fourth Amendment seizure claim always requires proof that the defendant did not believe in the plaintiff's guilt or recklessly disregarded the truth"). Rosado's other claims arising from his criminal proceeding fail because success on them would necessarily imply the invalidity of his conviction, which has not been invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Finally, the District Court did not abuse its discretion in denying as moot Rosado's motion to transfer venue to the United States District Court for the Southern District of New York. See Stanifer v. Brannan, 564 F.3d 455, 456 (6th Cir. 2009) (reviewing for abuse of discretion a District Court's decision not to transfer a case pursuant to § 1406(a)). After the District Court concluded that Rosado failed to state a claim under § 1915(e)(2)(B), there was no basis to transfer venue. See § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

For the foregoing reasons, we will affirm the judgment of the District Court.

5