NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0725n.06

No. 20-3380

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WALTER P. VARGO, JR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **FILED** |
| STEPHANIE B. MCCLOUD, Administrator, Ohio | ) | Dec 31, 2020 |
| Bureau of Workers' Compensation originally named | ) | DEBORAH S. HUNT, Clerk |
| as Sarah Morrison, | ) | |
| | ) | |
| Plaintiff, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| D & M TOURS, INC.; JOSE ROMAN; FEDEX | ) | OHIO |
| CORPORATION; WILLIAM A. STAUFFER; L.T. | ) | |
| HARNETT TRUCKING, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, CLAY, and DONALD, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  Walter P. Vargo, Jr. ("Vargo") filed suit in an improper forum, a fact that he concedes on appeal.  The district court dismissed the action without prejudice rather than transferring it.  Vargo did not appeal that decision or seek to alter the judgment under Federal Rule of Civil Procedure 59(e).  He did, however, seek relief from judgment under Federal Rule of Civil Procedure 60(b), which the district court denied.  Vargo appeals that decision. Because the district court did not abuse its discretion, we affirm.

**I.**

Vargo, a truck driver for L.T. Harnett Trucking, Inc. ("Harnett"), alleged that he was injured in a multi-vehicle accident on June 7, 2016, in Northampton County, Pennsylvania, due to the negligence of Defendant William A. Stauffer ("Stauffer"), a driver for Defendant FedEx[1], and Defendant Jose Roman ("Roman"), the driver of a school bus owned by Defendant D & M Tours, Inc. ("D & M"). Vargo sued all four defendants, along with the Administrator of the Ohio Bureau of Workers' Compensation ("OBWC") (who was later re-aligned as a party plaintiff) and Harnett(who never appeared) against whom no claims were filed and were only named so that they could appear and assert their interests in this case . The complaint, filed in the Northern District of Ohio on June 6, 2018, alleged that Vargo is a citizen of Ohio, that Roman and D & M are citizens of New Jersey, that Stauffer is a citizen of Pennsylvania, that FedEx does business in Mahoning County, Ohio, and that Harnett does business in Trumbull County, Ohio. The complaint also asserted that venue was proper in the United States District Court for the Northern District of Ohio "where Defendant FEDEX INC., and Defendant L.T. HARNETT are doing business; the district where [the Administrator of OBWC] has a Regional Office . . . and the district where Plaintiff resides and where he received the bulk of his treatment including surgery, from his injuries in this accident[.]"

On September 5, 2018, D & M and Roman jointly filed a motion to dismiss for lack of personal jurisdiction. On October 30, 2018, Stauffer, who had filed crossclaims against D & M and Roman, responded to their motion to dismiss his crossclaims for lack of jurisdiction by moving that the case be dismissed or transferred for improper venue, or dismissed for lack of personal

---

[1] FedEx was never served in the district court. On appeal FedEx states that its "brief is filed on 'its' behalf . . . in addition to that of Mr. Stauffer, with a full reservation of rights and without waiving objection to jurisdiction or service of process."

jurisdiction. On November 7, 2018, D & M and Roman replied by joining Stauffer's request that the case be dismissed for lack of proper venue and reiterated their request that the case be dismissed for lack of jurisdiction. [2] In his motion, Stauffer asserted that **"[t]*his case should also be dismissed in its entirety for improper venue. In the alternative, this case should be transferred to the Eastern District of Pennsylvania under 28 U.S.C. § 1406(A).*"** However, Stauffer ultimately argued that "the interest of justice" would not be served by a transfer because two consolidated suits were pending in New Jersey state court and dismissal was the only way in which all of the cases could be consolidated. These motions were met with dead silence by Vargo.

On May 7, 2019, the district court granted the motions. As to personal jurisdiction, the court found that "Vargo's complaint failed to include any factual allegations connecting Defendants, all of whom are out-of-state citizens or entities, to Ohio despite having the burden to do so." The court also "determined that it was the improper venue for this matter" because: not all defendants "resided" in the same state, including Ohio, to establish venue pursuant to 28 U.S.C § 1391(b)(1); the substantial event giving rise to Vargo's claim occurred in Pennsylvania, so § 1391(b)(2) did not apply; and Vargo failed to show that the court "properly had personal jurisdiction over the properly aligned out-of-state defendants" for purposes of § 1391(b)(3). The court concluded that:

> Because this case was filed in a court that neither had personal jurisdiction over Defendants nor was the proper venue for this action*, this Court is well within its discretion to dismiss this action in its entirety, rather than transfer the matter—* particularly when Vargo has failed to respond or otherwise participate in the motion practice before this Court. (Emphasis added.)

---

[2]Meanwhile, OBWC filed a motion to be realigned as a party plaintiff, , OBWC filed a complaint against the defendants after the district court granted its motion for realignment, and D&M and Roman filed a motion to dismiss OBWC's complaint for lack of jurisdiction . Stauffer also moved to dismiss or transfer the OBWC's suit for improper venue or dismiss for lack of personal jurisdiction. Vargo was equally unresponsive to these motions. The district court dismissed the case in its entirety without prejudice on May 7, 2019.

Vargo did not appeal the district court's dismissal order. Instead, on June 7, 2019, thirty-one days later, Vargo filed a "Motion to Vacate Dismissal and Reopen Case for Purposes of Transfer" but did not identify the source of authority for the motion. In support, Vargo attached a letter from the United States Department of Treasury indicating that Vargo owed $42,539.20 to Medicare for medical bills it paid due to the accident.[3] Alluding to "a mistake as to venue," Vargo asked the district court to transfer venue to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1406(a). He claimed that transfer, rather than dismissal, was "in the interest of justice" because he had missed the two-year statute of limitations period for filing negligence actions in Pennsylvania. He further alleged that, unlike the Northern District of Ohio, the Eastern District of Pennsylvania had jurisdiction and venue would be proper. Defendants did not respond.

Construing Vargo's motion as brought under Rule 60(b), the district court entered an opinion and order on March 2, 2020, declining to vacate its previous judgment, reopen the matter, and transfer the case. The court offered its reasons:

> Upon determining that this Court lacked personal jurisdiction over the defendants and that this Court was the improper venue for the instant matter, it was charged with dismissing the case, or, in the interest of justice, transferring the case to a court in which the matter could have properly been brought. 28 U.S.C. § 1406(a); 28 U.S.C. § 1631." The choice to dismiss or transfer this case was within the sound discretion of this Court. Notably, Vargo never requested that this Court transfer the matter until after the case was dismissed. Of course, this Court *could* have sua sponte transferred the case; however, because Vargo did not even once request transfer during the eleven months that this case pended, and frankly, never engaged in the motion practice pending before this Court whatsoever, there was no reason for this Court to presume that Vargo wanted the case transferred. (Citations omitted).

---

[3] In the motion, Vargo listed additional expenses: from his back surgery in 2018, and $29,320 owed to Youngstown Orthopedic Associates.

The district court found our decision in *Stanifer v. Brannan*, 564 F.3d 455 (6th Cir. 2009) "instructive." The *Stanifer* plaintiff, who was also in a car crash, filed his complaint in the Western District of Kentucky where he lived, rather than in Alabama, where the accident happened and both defendants resided. *Stanifer*, 564 F.3d at 456. When the defendants moved to dismiss for want of personal jurisdiction and improper venue, the plaintiff requested a venue transfer to the Northern District of Alabama. *Id.* The district court dismissed the complaint for lack of personal jurisdiction and refused to transfer the matter finding that the "interest of justice" would not be served in allowing the plaintiff to "resurrect a claim which might be lost due to a complete lack of diligence in determining the proper forum in the first instance." *Id.* at 457. On direct appeal of that decision, we found no abuse of discretion, noting that the plaintiff "failed to offer even one reason, plausible or not, for filing in what was obviously the wrong venue—and no reason at all for failing to file in the proper district." *Id.* at 458. The fact that the Alabama statute-of-limitations deadline was looming did not justify the improper filing. *Id.*

The district court in this case felt that:

> Much like the plaintiff in *Stanifer*, it appears that Vargo filed his complaint in this Court without even the slightest factual support that this Court had personal jurisdiction over Defendants or was the proper venue for this action. Vargo filed his complaint in the district in which he resided, alleging negligence against out-of-state defendants. Despite originally naming a [sic] three Ohio defendants, two were not properly aligned and one was never served. Furthermore, Vargo did not plead one single fact in his complaint connecting the out-of-state defendants to Ohio per the requirements of Ohio's long-arm statute and constitutional due process requirements. Even more troubling, despite directly citing 28 U.S.C. § 1391 in his complaint, Vargo's assertions that this Court was the proper venue do not even remotely follow the requirements of that statute. Although this Court will not opine on whether Vargo filing his complaint in this Court was an oversight, simple inattention, or, more seriously, willful abuse of process, this Court will note that Vargo's failure to diligently engage with this Court during the pendency of motions to dismiss his case gives further credence to this Court's initial decision declining to sua sponte transfer this matter in the interest of justice—Vargo's absence did not allow for this Court to ignore the legally sound requests of Defendants to dismiss this case entirely.

The court was not unsympathetic to Vargo's loss of his claim but found that "sympathy cannot excuse an entire year of inaction by Vargo." The court held that the loss of his claim "while unfortunate, is a consequence of final judgment that declined to transfer the matter, if only because Vargo declined to request transfer or even participate in his case." In the district court's view this situation was "[q]uite clearly . . . not an exceptional or extraordinary circumstance that warrants relief."

Finally, the district court rejected Vargo's contention that his "mistake" should be excused per *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962), which stated that "[i]f by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred." Rather, "because Vargo's mistake was obvious, elementary, and not due to an erroneous guess regarding an elusive fact" and also "because there is not an exceptional or extraordinary circumstance that would allow this Court to vacate its previous judgment" the district court denied Vargo's motion to vacate judgment.

Vargo appeals.

## II.

Vargo presents two issues for appeal: First, he alleges that the district court erred by failing to exercise its discretion under 28 U.S.C. § 1631 to consider whether a transfer rather than dismissal was in the interest of justice. Second, he asserts that the district court erred in denying his motion to vacate the judgment because there are extraordinary circumstances in that he is left without a remedy for his serious injuries.

To the extent that Vargo is challenging the district court's order to dismiss the case, we lack jurisdiction because Vargo did not file a notice of appeal from the court's judgment or file a

post-judgment motion that extended the deadline for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(iv) & (vi) (stating that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from" subject to enumerated exceptions including a motion "to alter or amend the judgment under Rule 59" and "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered"); *see also Browder v. Dir., Dep't of Corrs. of Ill.*, 434 U.S. 257, 264 (1978) (Rule 4(a)(1) time limit is "mandatory and jurisdictional"). Vargo's thirty-one-days-late motion to vacate did not toll the appeal period and therefore his appeal of that denial of the motion to vacate "does not bring up the underlying judgment for review." *Id.* at 263 n.7. To be clear: we do not have jurisdiction to consider Vargo's claim that the district court failed to consider the "interest of justice" despite the clear mandate of 28 U.S.C. § 1631 when it dismissed Vargo's complaint instead of transferring it to a proper venue.[4] *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (stating that parties cannot use Rule 60(b) as a substitute for an appeal).

This brings us to the issue that is preserved: whether the district court abused its discretion in denying Vargo's Rule 60(b) motion. *See Browder*, 434 U.S. at 263 n.7 (stating that Rule 60(b) denials are reviewed for abuse of discretion). As before the district court, Vargo does not cite any procedural mechanism in his main brief on appeal for vacating the order of the district court and only cites Rule 60(b)(6) in his reply brief. Notwithstanding, the district court's decision to treat Vargo's untimely motion as brought under Rule 60(b) was proper. *See Peake v. First Nat'l Bank & Tr. Co.*, 717 F.2d 1016, 1020 (6th Cir. 1983) (approving such treatment of an untimely Rule 59(e) motion)).

---

[4] Such a claim would be flat out wrong anyway. The district court's reasoning speaks for itself: in considering whether to dismiss or transfer, the district court cited the "interest of justice" test, "[a] similar provision" that "confer[s] broad discretion" in both § 1406(a) and § 1631, *Stanifer* at, at, 456–57, and gave Vargo's failure to prosecute the case as the reason why dismissal was preferable to transfer.

A district court may vacate a final judgment under Rule 60(b)(1) due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

Assuming Vargo has preserved a claim based on a Rule 60(b)(1) "mistake," it still fails because the district court did not err in concluding that Vargo's misfiled complaint was not "by reason of the uncertainties of proper venue" but an obvious error. *See Goldlawr*, 369 U.S. at 467. As the district court explained, "Vargo did not plead one single fact in his complaint connecting the out-of-state defendants to Ohio per the requirements of Ohio's long-arm statute and constitutional due process requirements" and "despite directly citing 28 U.S.C. § 1391 in his complaint, Vargo's assertions that this Court was the proper venue do not even remotely follow the requirements of that statute." As we explained in *Stanifer* and the district court here held, an obvious error is not the kind of mistake that requires a transfer rather than a dismissal "in the interest of justice." Thus, the district court's ruling cannot be considered "a substantive mistake of law" by a judge warranting relief under Rule 60(b)(1).

Nor can counsel's "mistake" be considered "an excusable mistake" by a party because misinterpretation of the law does not warrant relief under Rule 60(b)(1), *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002), and counsel's error is attributable to Vargo himself. *See Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("Clients are held accountable for their attorneys' act and omissions.")

So, the only remaining question is whether the court abused its discretion in concluding that this case "[q]uite clearly" did not present "exceptional or ordinary circumstance[s] that

warrant[ed] relief." *See* Fed. R. Civ. P. 60(b)(6) (providing relief from judgment for "any other reason that justifies relief"). That "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances,'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), is a venerable principle, which we have taken to mean "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (holding that "Rule 60(b) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule") (cleaned up)). "[S]traightforward claims of attorney error . . . do not satisfy this rigorous standard." *McCurry*, 298 F.3d at 596.

The fact that Vargo will be left without a remedy also does not meet this standard. We were unpersuaded by that argument in a direct appeal in *Stanifer*:

> [T]he plaintiff, having engaged in the misuse of the court's processes, should not be permitted by means of a transfer to "resurrect a claim which might be lost due to a complete lack of due diligence in determining the proper forum in the first place." Moreover, it is clear that substantial costs to the judicial system, let alone to the defendants, have resulted from this litigation, including the expenditure of resources in the district court and on appeal.

*Stanifer*, 564 F.3d at 460 (finding no abuse of discretion on direct appeal);[5] *cf. Buck*, 137 S. Ct. at 778 ("In determining whether extraordinary circumstances [pursuant to Rule 60(b)(6)] are present, a court may consider a wide range of factors . . . includ[ing] the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process.") (internal quotation marks and citation omitted)).

---

[5] Vargo claims that the district court erred in relying on *Stanifer* because there the plaintiff's counsel intentionally filed in the wrong venue solely to toll the statute of limitations whereas his counsel admittedly misread the statute. That distinction does not matter in this case. As the *Stanifer* court explained, "[i]n speaking of a mistake resulting from 'the uncertainties of proper venue,' the *Goldlawr* court cannot have intended that dismissal of a complaint filed, deliberately *or carelessly*, in the wrong district court should excused." *Stanifer*, 564 F.3d at 458–59 (emphasis added). Moreover, here, despite the initial mistake, Vargo was given a heads up by Defendants that a transfer was in his best interests, and he still did not attempt to seek a transfer. *Cf. id.* at 456 (faulting the plaintiff for making no effort to avoid dismissal other than moving to transfer). Filing in the wrong venue was an obvious, careless, mistake in this case.

In sum, the district court's thorough opinion and order denying Vargo's motion to vacate the judgment speaks for itself. We find no abuse of discretion and AFFIRM.