RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0051p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

LARRY E. PARRISH. P.C.,

        *Plaintiff-Appellant*,

    *v.*

ANDY D. BENNETT, FRANK G. CLEMENT, JR., and W. NEAL MCBRAYER, Judges of the Tennessee Court of Appeals,

        *Defendants-Appellees*.

No. 20-5898

─────────────────

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 3:20-cv-00275—Marvin E. Aspen, District Judge.

Decided and Filed:  March 2, 2021

Before:  McKEAGUE, GRIFFIN, and NALBANDIAN, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Larry E. Parrish, PARRISH LAWYERS, P.C., Memphis, Tennessee, for Appellant.  Laura Miller, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellees.

─────────────────

## OPINION

─────────────────

GRIFFIN, Circuit Judge.

In this action, Larry E. Parrish, P.C., a Tennessee law firm (the "Parrish Firm") sued three judges of the Tennessee Court of Appeals because they allegedly made false statements in a written opinion resolving an appeal to which the Parrish Firm was a party.  Plaintiff claims that

the false statements were a violation of its Fourteenth Amendment rights, but as a remedy, it seeks no damages or injunctive relief—instead, requesting only a declaration that defendants violated its constitutional rights.

The district court, however, granted defendants' motion to dismiss, reasoning that it was "not a close issue" that it lacked jurisdiction, and that even if it had jurisdiction, dismissal was required by judicial immunity and the relevant statute of limitations. Finally, even ignoring these sizable defects, the district court concluded that the facts pleaded by plaintiff were insufficient to state a claim. Now on appeal, plaintiff primarily challenges the district court's rulings regarding jurisdiction and judicial immunity. We affirm the judgment of the district court and direct plaintiff and plaintiff's counsel to show cause why sanctions should not be assessed against them on appeal.

I.

After a falling out in the early 2000s, business partners Paul Braden and Nancy Strong used the Tennessee state courts to resolve issues stemming from the dissolution of their partnership. *See Larry E. Parrish P.C. v. Strong*, No. M2017-02451-COA-R3-CV, 2018 WL 6843402, at *1 (Tenn. Ct. App. Dec. 28, 2018). During that process, Ms. Strong believed she was the victim of legal malpractice, so she hired plaintiff, Larry E. Parrish, P.C, to represent her in a civil action against her original attorney. *Id.* Strong's malpractice case was later dismissed when the Parrish Firm did not comply with discovery deadlines. *Id.* Thereafter, Strong assigned some of her rights in the partnership dissolution action to the Parrish Firm to secure payment and reimbursement of money advanced to defray costs and expenses for the malpractice action. *Id.*

A few months later, the Parrish Firm filed suit to recover $116,316 pursuant to the assignment. *Id.* Strong responded with counterclaims. *Id.* Those claims were resolved in yet more protracted state-court litigation when a jury found for Strong on her breach-of-contract counterclaim and later awarded her damages of $2,293,878.70, including $2,000,000 in punitive damages. *Id.* at *2–3.

The Parrish Firm appealed, seeking to vacate the trial court judgment. Defendants were the assigned panel of the Tennessee Court of Appeals, and the opinion they issued forms the

basis of this action.  *See Larry E. Parrish P.C.*, 2018 WL 6843402.  That court affirmed in relevant part the judgment of the trial court, while making factual statements that plaintiff claims were false.  *Id.* at *4–5.  After defendants issued the opinion, plaintiff unsuccessfully pursued "a string of appeals and dilatory motions, concerning the same underlying case."[1]

Undaunted, the Parrish Firm turned its attention to the federal courts and filed this action against defendants, alleging that two assertions in the Tennessee Court of Appeals opinion were false.  Specifically, plaintiff disagreed with the Tennessee Court of Appeals regarding whether Strong's counterclaim was against the Parrish Firm or against Larry Parrish individually and alleged that the court misconstrued a motion to strike it had filed in the state trial court.  The Parrish Firm claims that these statements contained in the judicial opinion violated its right to a "fair trial" under the Due Process Clause of the Fourteenth Amendment and its right "to access justice" under the Equal Protection Clause of the Fourteenth Amendment and sought a declaratory judgment to vindicate those rights.  Defendants responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and raised several independent reasons for dismissal of the suit.  (R. 11.)  After full briefing, the district court accepted each of defendants' arguments for dismissal and entered judgment in their favor.[2]  Plaintiff timely appealed.

## II.

We review de novo a district court's decision to grant a motion to dismiss for lack of jurisdiction.  *Intern. Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 701 (6th Cir. 2020).  Here, the district court concluded that it lacked jurisdiction because plaintiff's claims were barred by

---

[1]During those proceedings, Judges Bennett and Clement, Jr., referred Larry Parrish to the Tennessee Board of Professional Responsibility after concluding that he had made statements impugning the integrity of the Tennessee legal system.  *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV, at 5 (Tenn. Ct. App. Jan. 22, 2019) (Bennett, J.*)*; *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV, at 4–5 (Tenn. Ct. App. Jan. 22, 2019) (Clement, J.).

[2]The district court also invited defendants to file a motion for attorneys' fees.  They did so, and the court later awarded $7,572.50 to the Tennessee Attorney General after finding that attorney Parrish had not met his obligation to review relevant law before filing suit, and that he had engaged in vexatious conduct that unreasonably multiplied the proceedings.

*Rooker-Feldman*,**³** and because the complaint did not present a justiciable controversy.  We agree with the district court that it was without jurisdiction for both reasons.

First, under what is known as the *Rooker-Feldman* doctrine, district courts may not consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine is derived from 28 U.S.C. § 1257, which "vests sole jurisdiction" to "conduct[ ] appellate review of final state-court judgments" in the Supreme Court.  *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012).  "We determine whether *Rooker-Feldman* bars a claim by looking to the 'source of the injury the plaintiff alleges in the federal complaint.' . . . If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies."  *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020) (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).  To determine the source of a plaintiff's injury, a court must look to the requested relief.  *Id.*

Applying these standards, we conclude that plaintiff's suit is barred by *Rooker-Feldman*.  Plaintiff alleges only that the Tennessee Court of Appeals made false statements about the facts of a case before it, and that the resulting errors—memorialized in the court's opinion—injured it.  The district court correctly observed that the complaint essentially sought another round of state appellate review in disguise because "[e]valuating whether statements in the [Tennessee Court of Appeals'] opinion were intentionally false would require" it "to impermissibly review the factual basis of the relevant opinion."  It is not the function of the lower federal courts to correct state court judgments—even supposedly incorrect state court judgments.  *See In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1986); *see also Pieper v. Am. Arbitration Ass'n Inc.*, 336 F.3d 458, 462 (6th Cir. 2003).  Thus, "[w]hile *Rooker-Feldman* 'applies only to an exceedingly narrow set of cases,' this is one of them."  *Kost v. Kreeger*, 832 F. App'x 438, 439 (6th Cir. 2021) (quoting *VanderKodde*, 951 F.3d at 400).

---

**³***Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The Parrish Firm's arguments to the contrary are unpersuasive at best, and nearly incoherent at worst. It begins by dubiously suggesting that "[t]he decision of no state court is at issue in this case[,]" despite the allegedly false statements that form the basis of the action being contained in a decision of the Tennessee Court of Appeals. Second, plaintiff posits that to resolve the claims, the district court "need[ed] only look at the evidence to see if [defendants], with knowledge and forethought, deliberately fabricated statements, known to be objectively contradicted by indisputable evidence in the record on appeal." This, it claims, does not run afoul of *Rooker-Feldman* because even if "the evidence is collected from the record in state court," it "does not mean that the state court record is being reviewed to make a judgment about whether a state court made an error in its judgment." In other words, plaintiff asserts that the district court needed to determine whether the decision of the Tennessee Court of Appeals contained "deliberately fabricated statements," while simultaneously *not* deciding whether the state court "made an error in its judgment." We are unable to reconcile these blatantly inconsistent views.

Second, the Declaratory Judgment Act provides that the district court, in a case of actual controversy "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "To get a declaratory judgment, [the plaintiff] must present a justiciable case or controversy under Article III." *Hemlock Semiconductor Corp. v. Kyocera Corp.*, 747 F. App'x 285, 292 (6th Cir. 2018). That is, the plaintiff "must demonstrate that 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). Therefore, a plaintiff must demonstrate "an actual injury traceable to the defendant [that is] likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted). Federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Id.* at 18.

Once a court is satisfied that the jurisdictional prerequisites are met, it considers five factors to determine whether exercising jurisdiction over a declaratory judgment action is appropriate:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. Rail Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

The district court dismissed for lack of subject matter jurisdiction after concluding that the *Grand Trunk* factors did not weigh in favor of exercising jurisdiction. We need not even get that far. Instead, we conclude that the complaint failed to present a justiciable case or controversy because plaintiff requested a ruling only on whether the past actions of defendants were right or wrong, which could not affect the present relationship between the parties. In other words, plaintiff sought only an advisory opinion from the district court as to whether its constitutional rights had been violated. The court therefore lacked an Article III controversy to adjudicate. *See Spencer*, 523 U.S. at 18; *Hemlock Semiconductor Corp.*, 747 F. App'x at 292; *Ward v. City of Norwalk*, 640 F. App'x 462, 468 (6th Cir. 2016) (concluding that plaintiff's declaratory judgment claim was "actionable only to the extent it [sought] prospective relief").

For these reasons, we affirm the district court's order granting defendants' motion to dismiss for lack of jurisdiction. Because the district court lacked jurisdiction, we need not discuss its other reasons for dismissal.

III.

Finally, defendants request that we sanction the Parrish Firm and Larry Parrish individually under 28 U.S.C. § 1927 and Federal Rule of Appellate Procedure 38.

Rule 38 provides that we may assess "just damages and single or double costs" in response to a frivolous appeal, either upon a motion from the opposing party or if the court gives

notice and an opportunity to respond.  Fed. R. App. P. 38.  Generally, an appeal is frivolous if "it is obviously without merit *and* is prosecuted for delay, harassment, or other improper purposes."  *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 (6th Cir. 1997) (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).  But an appeal may also be frivolous if it is filed out of "sheer obstinacy—when the only issues in the case clearly have been resolved against the appellant."  *Anderson v. Dickson*, 715 F. App'x 481, 489 (6th Cir. 2017) (internal quotation marks and citation omitted); *see also Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 676 (6th Cir. 1999) ("Sanctions are appropriate where the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." (internal quotation marks and citation omitted)).  Similarly, § 1927 provides: "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  We have imposed § 1927 sanctions where "an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'"  *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *Ruben v. Warren City Sch.*, 825 F.2d 977, 984 (6th Cir. 1987)).

It appears that those standards have been met here.  First, we agree with the district court that the jurisdictional defects presented by the complaint were "not . . . close issue[s],"[4] and plaintiff's arguments on appeal did not narrow the issues in any meaningful way.  And beyond those flaws, the appeal appears frivolous because plaintiff has not provided any cogent argument to explain why the statute of limitations did not bar his claim, nor how the complaint pleaded facts to plausibly establish a Fourteenth Amendment violation—two additional grounds the district court gave for granting the motion to dismiss.  In other words, even if plaintiff had

---

[4]We also note that during the pendency of this appeal, another federal district court dismissed an action involving attorney Parrish for lack of jurisdiction under *Rooker-Feldman* in eerily similar circumstances.  *See In re May 27, 2011 Order*, No. 2:20-cv-2153, 2020 WL 6532850 (W.D. Tenn. Nov. 5, 2020).  There, attorney Parrish named as defendant a state court order and judgment, after his clients had already pursued at least seven appeals to the Tennessee Court of Appeals involving the same subject-matter (and been sanctioned in the process).  *Id.* at *1 n.2.  In the federal litigation, attorney Parrish advanced a claim that his clients' Fourteenth Amendment rights were violated because the state trial court judge had been biased and requested as a relief that the federal district court "render the state court decisions void."  *Id.* at *2.

prevailed on the two issues it briefed (jurisdiction and judicial immunity), we would still affirm the district court's dismissal of the complaint because the Parrish Firm has forfeited case-dispositive issues by failing to raise them for review.  Finally, we share the district court's concern for attorney Parrish's penchant for calling state judges' integrity into question seemingly whenever they disagree with him.

Accordingly, defendants may file an affidavit setting forth their reasonable costs and attorneys' fees incurred by this appeal not later than fourteen days after the issuance of this opinion.  Once defendants' affidavit is filed, plaintiff and plaintiff's counsel shall have fourteen days to show cause why they should not be sanctioned, addressing both Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927.

IV.

We affirm the judgment of the district court and retain jurisdiction pending our resolution of sanctions on appeal.