NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0551n.06

No. 21-5511

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>IN RE: MAY 2011 ORDER and MAY 2012 JUDGMENT.<br><br>JUDY WRIGHT,<br><br>    Claimant-Appellant,<br><br>v.<br><br>MAY 27, 2011 ORDER and MAY 22, 2012 JUDGMENT,<br><br>    Defendants-Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>**FILED**<br>Dec 01, 2021<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE<br><br>OPINION</td></tr>
</table>

BEFORE: BOGGS, THAPAR, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Judy Wright filed this action against two "defendants": an order issued by the Shelby County, Tennessee, Probate Court on May 27, 2011 (which she labeled "Res One"), and a judgment affirming that order, handed down by the Tennessee Court of Appeals on May 22, 2012 (called "Res Two"). She argues the judge that issued the first order undermined the appearance of judicial neutrality, in violation of the Fourteenth Amendment, because he had drafted trust documents and advised trust-estate clients in private practice before joining the bench, and that the Tennessee Court of Appeals compounded the violation by affirming. The district court below understood Wright to be requesting that a federal court set aside an unfavorable state court ruling, so it applied the *Rooker–Feldman* doctrine[1] and dismissed

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

the complaint in its entirety. *In re May 27, 2011 Order*, No. 2:20-cv-02153-TLP, 2020 WL 6532850 (W.D. Tenn. Nov. 5, 2020).

That ruling is understandable. Federal district courts lack statutory jurisdiction to entertain direct appeals of final state-court judgments. But we think Wright's jurisdictional problem runs deeper. Specifically, we find no basis to conclude that she has standing to bring this suit. *See Grendell v. Ohio Sup. Ct.*, 252 F.3d 828, 832 (6th Cir. 2001) ("Standing is the threshold question in every federal case." (quotation omitted)); *see also Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 304 (6th Cir. 2019) ("[W]e are required in every case to determine—sua sponte if the parties do not raise the issue—whether we are authorized by Article III to adjudicate the dispute." (citation omitted)).

Federal courts can only decide "Cases" or "Controversies." U.S. Const. art. III, § 2. That basic requirement is explained by "a series of 'justiciability doctrines,' including, 'perhaps the most important,' that a litigant must have 'standing' to invoke the jurisdiction of the federal courts." *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 710 (6th Cir. 2015) (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)). "The 'irreducible constitutional minimum' for standing requires [Wright] to show (1) a particular and concrete injury (2) caused by [the defendants] and (3) redressable by the courts." *Hagy v. Demers & Adams*, 882 F.3d 616, 620 (6th Cir. 2018) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). To be concrete, the injury "must actually exist." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). It is not enough that a plaintiff simply "allege a bare procedural violation, divorced from any concrete harm" to "satisfy the injury-in-fact requirement of Article III." *Id.* at 341 (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

But such a bare-bones pleading is all that Wright has filed. The named "defendants" are a Tennessee Probate Court order and Tennessee Court of Appeals judgment. A court's words can hurt, but that is not the type of harm that Article III requires for standing. Wright admits that the alleged judicial bias caused no concrete injury; in fact, she admits that the probate court "correctly adjudicated the merits" of her motion. And her prayer for relief asks that "no human person and/or entity-person" be ordered "to do or not to do anything." Instead, she wants the "status" of both orders be "adjudicate[d]" as "void *ab initio* non-judgment[s]" because of the alleged procedural violation. That is something we cannot do, for "federal courts do not issue advisory opinions." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). By asking a federal court to void a "correctly adjudicated" order, an advisory opinion is all that Wright is asking for.[2] The district court could not exercise jurisdiction over Wright's case, and neither can we.[3] We affirm.

---

[2] That Wright styles this an "*In Rem* Independent Action" and grafts civil-forfeiture language onto her complaint does not save her case. *See, e.g.*, *Herring v. F.D.I.C.*, 82 F.3d 282, 285 (9th Cir. 1995) ("Rule 60(b) does not *grant* anyone standing to bring an independent action; it merely does not restrict any standing a party otherwise has.").

[3] Because Wright named two state court orders as defendants, there is no opposing party here to receive an award of sanctions. *See, e.g.*, *Larry E. Parrish P.C. v. Bennett*, 989 F.3d 452, 457–58 & n.4 (6th Cir. 2021) (awarding sanctions against Wright's counsel in an "eerily similar" case); *see also* 28 U.S.C. § 1927; Fed. R. App. P. 38.