NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0085n.06

No. 23-5169

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

COREY LEA; SFE LAND AND CATTLE
COMPANY, INC.; WILLIE CHARLES
KENNEDY; BARBARA KENNEDY;
EDWARD WISE, JR., as the personal
representative of the Estate of Eddie Wise;
COREY LEA INC.,

       Plaintiffs-Appellants,

JOHN DOE; JANE DOE; DOROTHY WISE,

       Plaintiffs,

v.

U.S. DEPARTMENT OF AGRICULTURE;
THOMAS J. VILSACK, Secretary of
Agriculture; ZACH DUCHENEAUX, FSA
Administrator; FB FINANCIAL
CORPORATION, aka First Bank;
COMMERCIAL CAPITAL BANK; LARRY
HINTON; AMERICAN BANKERS
ASSOCIATION; INDEPENDENT
COMMUNITY BANKERS OF AMERICA;
NATIONAL RURAL LENDERS
ASSOCIATION; MIKE VANDYKE,

       Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

 

**FILED**
Feb 28, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF
TENNESSEE

OPINION

Before: SUTTON, Chief Judge; SUHRHEINRICH and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Corey Lea has filed over a dozen lawsuits challenging a bank's foreclosure of his Kentucky farmland. Courts have uniformly dismissed these suits. But Lea keeps

filing them. The District Court for the Western District of Kentucky thus banned Lea from suing over the foreclosure in that venue again. Undeterred, Lea (joined by a few others) chose to file a similar suit in the Middle District of Tennessee. The Tennessee district court dismissed the case because Lea and the other plaintiffs sued in the wrong venue. The court also refused to transfer the suit to the Kentucky district court because of its filing ban. We affirm and will also allow two defendants to seek sanctions against Lea, Corey Lea, Inc., and counsel for the other plaintiffs.

Lea, a rancher, owned Kentucky farmland subject to two mortgage loans. *See Lea v. Warren County*, 2017 WL 4216584, at *1 (6th Cir. May 4, 2017) (order). Farmers National Bank issued one of the loans; the U.S. Department of Agriculture issued the other. *See id.* Lea eventually defaulted on the Farmers National Bank loan, and that bank filed a foreclosure action against him. *See id.* Larry Hinton, a Kentucky attorney, represented the bank in the foreclosure proceedings. FirstBank (owned by FB Financial Corporation, a defendant here) later acquired Farmers National Bank. We thus will refer to this banking entity as "FirstBank" from here on.

Lea has repeatedly challenged the foreclosure of his land by suing FirstBank, Hinton (the bank's lawyer in the foreclosure action), the U.S. Department of Agriculture, and several others. Federal courts across the country have denied his claims. And we have rejected at least six of his appeals. *See Lea v. First Bank*, 2023 U.S. App. LEXIS 31774, at *3 (6th Cir. Nov. 30, 2023) (order); *Lea v. U.S. Dep't of Agric.*, 2019 WL 2246555, at *2 (6th Cir. Feb. 5, 2019) (order); *Lea*, 2017 WL 4216584, at *3; *Lea v. U.S. Dep't of Agric.*, 2014 U.S. App. LEXIS 25052, at *14 (6th Cir. Dec. 18, 2014) (order); *Lea v. U.S. Dep't of Agric.*, 2014 U.S. App. LEXIS 24835, at *13 (6th Cir. June 4, 2014) (order); *Corey Lea Inc. v. U.S. Dep't of Agric.*, 2013 U.S. App. LEXIS 26305, at *11 (6th Cir. Aug. 7, 2013) (order).

Because Lea filed several "virtually identical" suits in the Western District of Kentucky, the Kentucky district court long ago imposed filing restrictions on him. *See Lea v. U.S. Dep't of Agric.*, 2014 U.S. Dist. LEXIS 185533, at *6, *14 (W.D. Ky. Feb. 6, 2014), *aff'd*, 2014 U.S. App. LEXIS 25052 (6th Cir. Dec. 18, 2014) (order). Lea must receive written permission from that court before suing over the foreclosure in that venue. *Id.* at *14.

Lea brought this suit in the Middle District of Tennessee. He joined as plaintiffs two of his companies: the now-defunct Corey Lea Inc. and SFE Land and Cattle Company. He also joined Willie Charles and Barbara Kennedy, Louisiana residents, and the Estate of Eddie Wise Kennedy, who had been a North Carolina resident. We will refer to all plaintiffs collectively as the "Farmers." Their second amended complaint raised many claims against the following defendants: FirstBank; Hinton; the U.S. Department of Agriculture; Secretary of Agriculture Thomas Vilsack; Farm Service Agency Administrator Zach Ducheneaux; Commercial Capital Bank; the American Bankers Association; the Independent Community Bankers of America; the National Rural Lenders Association; and Mike Van Dyke, the Sheriff of Robertson County, Tennessee.

The Tennessee district court dismissed the Farmers' suit because they filed it in the wrong venue. *See Lea v. Vilsack*, 2023 WL 1141833, at *3 (M.D. Tenn. Jan. 30, 2023). The district court found venue improper for two reasons. First, we had already held that venue did not exist in the Middle District of Tennessee over Lea's claims against FirstBank and Hinton challenging the foreclosure of his Kentucky farmland. *See id.* at *2. Second, the district court interpreted all the Farmers' claims in this case as "related to the foreclosure" of Lea's Kentucky farmland. *See id.*

The district court next turned to the proper remedy for the Farmers' decision to sue in the wrong place. It recognized that it could pick from among three remedies: transfer the case to a proper venue, sever the claims over which venue was improper, or dismiss the suit outright. *See*

*id.* (citing 28 U.S.C. § 1406(a)). It refused to transfer the suit to the proper venue (the Western District of Kentucky) because of the Kentucky district court's ban on new litigation over the foreclosure of Lea's farmland. *Id.* It also refused to sever any of the claims because the Farmers had sued in the wrong venue for all of them. *Id.* The court thus dismissed the suit. *Id.* at *3.

Lea (proceeding pro se) and the other Farmers (proceeding with counsel) timely appealed. We generally review a district court's venue conclusion de novo. *See Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 533 (6th Cir. 2002). And we review the court's remedy for a venue problem for an abuse of discretion. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

In this case, though, the Farmers offer no reasoning that challenges the district court's conclusion that they sued in the wrong venue. They do not even cite the general venue statute for civil cases (28 U.S.C. § 1391), let alone explain why the district court misapplied this statute. They instead argue the merits of their claims or discuss other procedural issues like personal jurisdiction. The Farmers thus likely forfeited all appellate review of the venue-based dismissal of their suit. *See Am. Elec. Power Serv. Corp. v. Fitch*, 2022 WL 3794841, at *4 (6th Cir. Aug. 30, 2022) (per curiam); *Emrit v. Jules*, 2024 WL 533340, at *1 (6th Cir. Jan. 5, 2024) (order); *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019).

At the very least, their briefing allows us to treat the following findings as undisputed on appeal. To begin with, the Farmers do not dispute that the general venue statute applies. 28 U.S.C. § 1391(b). It gives civil plaintiffs three ways to pick a proper venue. *See id.* Plaintiffs initially have a choice between two options: They may sue in "a judicial district in which any defendant resides" if all the defendants reside in the State where the district sits. *Id.* § 1391(b)(1). Alternatively, they may sue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

4

the action is situated[.]" *Id.* § 1391(b)(2). If no district would satisfy either option, the statute provides a fallback choice: Plaintiffs may sue in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

The Farmers do not claim that they could satisfy any of these three options. Option One: The Farmers do not argue that they could have sued in Tennessee under § 1391(b)(1) on the ground that "all defendants are residents" of Tennessee. *Id.* To the contrary, Hinton, a Kentucky lawyer, is "domiciled" in (and so a resident of) Kentucky. *Id.* § 1391(c)(1). Option Two: The Farmers do not argue that they could have sued in Tennessee under § 1391(b)(2) on the ground that the "events" underlying their claims occurred in that State or that the "property" at issue is "situated" there. *Id.* To the contrary, all the claims "are related to the foreclosure" of Lea's farmland. *Lea*, 2023 WL 1141833, at *2. That farmland is in Kentucky and the foreclosure happened there. Option Three: The Farmers lastly do not claim that they could have sued in Tennessee under § 1391(b)(3) on the ground that no other district would satisfy the first two options. *See id.* To the contrary, the district court held that venue over the foreclosure proceedings would exist in Kentucky. *Lea*, 2023 WL 1141833, at *2. In short, the Farmers offer no grounds to rebut what we have held twice before: The Middle District of Tennessee is an improper venue for these claims. *Lea*, 2019 WL 2246555, at *2; *Lea*, 2017 WL 4216584, at *2.

This conclusion leaves only the proper remedy. Here too, the Farmers do not dispute the district court's conclusion that it may remedy a venue problem by dismissing the suit, severing the claims over which venue is improper, or transferring the suit to the proper venue if "the interest of justice" warrants that transfer. 28 U.S.C. § 1406(a); *see Lea*, 2023 WL 1141833, at *2. They also do not dispute the court's conclusion that it could not simply sever claims because it was not the proper venue for *any* of them. *See Lea*, 2023 WL 1141833, at *2. They lastly do not dispute the

5

court's conclusion that it should not transfer the suit to the Western District of Kentucky because of that court's filing ban on Lea. *See id.* There were also "no uncertainties" over whether Lea could sue in Tennessee because we had twice before held that he could not. *Stanifer v. Brannan*, 564 F.3d 455, 459 (6th Cir. 2009).

In response, the Farmers suggest that Tennessee was the proper venue because Lea now lives there. But the venue statute makes the residency of the *defendants* (not the *plaintiffs*) matter. *See* 28 U.S.C. § 1391(b). So Lea's current domicile is beside the point.

\* \* \*

FirstBank and Hinton seeks sanctions against Lea, Corey Lea Inc., and Jillian Hishaw (counsel for all plaintiffs but Lea on appeal) under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. Lea responded with a sanctions motion of his own. Corey Lea Inc. and Hishaw have yet to respond.

Under Federal Rule of Appellate Procedure 38, we may "award just damages and single or double costs to the appellee" if an appellant takes a "frivolous" appeal. Under our reading of Rule 38, a party seeking sanctions must show *both* that an appeal lacked merit *and* that the appellant took the appeal for an improper purpose. *See Larry E. Parrish P.C. v. Bennett*, 989 F.3d 452, 457–58 (6th Cir. 2021). We have found such a purpose when, for example, an appellant has acted with "sheer obstinacy" by continuing to litigate an issue after prior suits have failed. *Anderson v. Dickson*, 715 F. App'x 481, 489 (6th Cir. 2017) (citation omitted). Separately, under 28 U.S.C. § 1927, we may also require an "attorney" to pay the other side's attorney's fees and costs if the attorney "multiplies the proceedings in any case unreasonably and vexatiously[.]"

We deny Lea's request for sanctions under these provisions. Conversely, FirstBank and Hinton are at least entitled to a damages award against Lea and Corey Lea Inc. under Rule 38, and

they may well be entitled to such an award against Hishaw too under § 1927. This appeal had no merit because neither Lea nor Hishaw identified any reasonable grounds to challenge the district court's conclusion that they sued in the wrong court. *See Parrish*, 989 F.3d at 458. And the appeal arose from Lea's "sheer obstinacy" given that we have twice before held that the Middle District of Tennessee is not the proper venue for his challenge to the foreclosure. *Anderson*, 715 F. App'x at 489 (citation omitted). We thus will give FirstBank and Hinton 14 days to file an affidavit with this court establishing their attorney's fees and costs for the appeal. Once filed, Lea, Corey Lea Inc., and Hishaw have 14 days to respond. *See Parrish*, 989 F.3d at 458. That said, we deny FirstBank and Hinton's additional request that we enter an injunction prohibiting further litigation by Lea. FirstBank and Hinton have filed a similar motion for sanctions in the district court. As far as the record shows, that motion remains pending. *Cf. Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 992–94 (6th Cir. 2012). The district court should decide in the first instance on the appropriate sanctions (if any) for the litigation that occurred there. *Cf. Marbly v. Kay*, 2000 WL 1827783, at *1–2 (6th Cir. Dec. 8, 2000) (order).

We affirm. We also grant in part and deny in part FirstBank and Hinton's motion for sanctions, and we deny Lea's motion for sanctions.